UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS ORDONEZ SANCHEZ, | No. 1:26-cv-02111-DJC-AC |
| Petitioner, | |
| v. | ORDER |
| MINGA WOFFORD, et al., | A# 241-491-886 |
| Respondent. | |

Petitioner Dennis Ordonez Sanchez is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and Motion for Temporary Restraining Order (Mot. (ECF No. 2)).  The Court previously informed the parties that it intended to rule directly on the merits of the Petition.  (ECF No. 5.)  Neither party has objected to the Court ruling on the merits.

**BACKGROUND**

Petitioner is a citizen of Venezuela presently in the custody of Immigration and Customs Enforcement ("ICE").  (Pet. ¶ 19; Opp'n (ECF No. 7) at 1.)  Petitioner was previously removed from the United States.  (Pet. ¶ 19; Opp'n at 1.)  He later re-entered the United States in November 2023 where he was contacted by immigration officials who re-instated his removal order for withholding-only proceedings and released Petitioner on an order of supervision.  (Pet. ¶ 19; Opp'n at 1–2.)  Petitioner

1

was re-detained by ICE in February 2025 after appearing for a credible fear interview. (Pet. ¶ 11; Opp'n at 2.)  Once detained, ICE officials determined Petitioner was a flight risk based on his removal order and that "continued" detention after the removal period was warranted.  (Opp'n at 2; ECF No. 7-2 at 4–5.)

Respondents expressly note that this case is not distinguishable from prior orders issued by the Court, for example in *Popelzai v. Chestnut*, No. 1:26-cv-01618-DJC-CKD, 2026 WL 785854 (E.D. Cal. Mar. 20, 2026).  (Opp'n at 2.)  The Court agrees and will grant the Petition on the same basis.

## DISCUSSION

Petitioner has established that his re-detention violates 8 C.F.R. § 241.13(i)(2) and is unconstitutional as it amounts to indefinite detention.  It is undisputed that Petitioner is subject to a final removal order.  As such, ICE has the authority to detain Petitioner to affect his removal as a non-citizen.  *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231.  However, Petitioner was previously released from custody.

Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed by 8 C.F.R. § 241.13(i).  *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).  Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred.  *See Hoac*, 2025 WL 1993771, at *3.  "[W]hen ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed."  *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025).  Where ICE has

made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f).  *See Hoac*, 2025 WL 1993771, at *3.  These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, there is absolutely no indication of a change in circumstances justifying re-detention.  Respondents do not present argument or evidence that removal to Venezuela is at all foreseeable.

Given the above, Respondents have failed establish that any of the factors under 8 C.F.R. § 241.13(f) weigh in favor of a finding that there has been a change in circumstances.  Respondents have thus failed to carry their burden that there has been a change in circumstances.[1]  Accordingly, Petitioner has established that his present detention violates 8 C.F.R. § 241.13 and is thus unlawful.

In their Opposition, Respondents broadly oppose relief, but their only specific request is for the Court to "decline to grant a broad injunction preventing re-detention without a hearing before a neutral adjudicator."  (Opp'n at 2.)  The Court agrees that such an order would be inappropriate at this time.

////

////

---

[1] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future.  But it is Respondents' burden to establish a change in circumstances, and they are clearly unable to meet that burden at this time.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 4 of the Petition.[2]

2. Respondents are ordered to immediately release Petitioner Dennis Ordonez Sanchez from their custody.  Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner a change in circumstances to warrant Petitioner's re-detention.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 24, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

4